[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated June 24, 1999, the plaintiff, Madeline Smith, commenced this action seeking, inter alia, a dissolution of her marriage to the defendant, Michael Smith.
After a full trial, the parties present and represented by counsel, the court, based upon a preponderance of the credible, relevant, reliable and legally admissible evidence and reasonable logical, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff, whose birth name was Madeline Kammerer, and the defendant were intermarried at Durham, Connecticut on June 20, 1978.
The parties to this marriage have resided continuously in this state for at least one year next preceding this complaint.
The following minor children, lawful issue of the marriage, have been born to the plaintiff since the date of the marriage, namely, Marie Smith, born March 30, 1983, and Michael Smith, born September 17, 1986. The parties have two additional children, issue of the marriage, who have attained their majority.
No other children have been born to the plaintiff since the date of the marriage.
No governmental agency is contributing to the support of any party hereto.
The marriage of the parties has broken down irretrievably.
The plaintiff is a teacher and has a license to function as a real estate agent.
The defendant is a contractor and builder of homes.
The plaintiff has an earning capacity of between $40,000.00 and $45,000.00 per year. The defendant has an earning capacity of approximately $40,000.00 per year.
The defendant has a drinking problem which has contributed to the breakdown of the marriage. Further, there has been a steady deterioration of the parties ability to communicate with each other. Although there is fault to be found on both sides of the marriage, the drinking problem of the defendant leads the court to the conclusion that the primary cause of the breakdown of the marriage is his drinking problem. The plaintiffs communication with a third party may have also contributed to the CT Page 9528 breakdown.
Based on the mandates of Gen. Stat. Secs. 46b-81 and Gen. Stat. Secs.46b-82, the court makes the following property distributions, custody and support awards.
Custody and residence of the children shall be as agreed to, following mediation sessions with the Family Relation Divisions, to wit:
The parents agree to share joint custody of their minor children. The children's residence will be shared by the parents. The parents agree to advise and consult one another about the major developmental issues in the lives of their children (e.g. social, medical, educational etc.)
ACCESS
The children will be with their father each Monday and Tuesday and with their mother each Wednesday and Thursday.
The parents will alternate the weekends. Fathers weekend begins on Friday evening and ends Wednesday morning. Mothers weekend begins on Wednesday evening and ends Monday morning.
HOLIDAYS
Thanksgiving — The children will be with their father in the even numbered years (starting at (9:00 a.m.) and with their mother in the odd numbered years.
Christmas — The children will be with their mother in the even numbered years from Christmas Eve to Christmas morning at 11:00 a.m. The children will then be with their father to 12/26 at 11:00 a.m. In the odd numbered years the parents will reverse the schedule.
ALL ONE DAY HOLIDAYS WILL BEGIN AT 9:00 A.M.
Easter — The children will be with their mother in the even numbered years and with their father in the odd numbered years.
Memorial Day — The children will be with their father in the even numbered years and with their mother in the odd numbered years.
Mother's and Father's Day — The children will be with that respective parent.
July 4th — The children will be with their father in the even CT Page 9529 numbered years and with their mother in the odd numbered years.
Labor Day — The children will be with their mother in the even numbered years and with their father in the odd numbered years.
VACATION
The parents will have the option to utilize up to three (3) weeks of vacation annually. The parents will provide one another with thirty (30) days advance notice of their vacation plans.
MISCELLANEOUS
The father will not drink any alcoholic beverage while the children are in his care.
The parents will utilize the mediation process in attempting to resolve issues in dispute "prior to returning to court.
Neither party is awarded alimony.
Plaintiff shall continue to maintain the existing health insurance for the benefit of the "children, provided it is available at reasonable cost through her employment.
The defendant may elect to remain covered by the plaintiffs insurer through COBRA, but at his own cost and election.
Each party shall be liable for one half of the unreimbursed, uninsured health and dental expenses of the children.
Both parties shall maintain the existing life insurance policies in his and/or her names, provided the parties remain insurable at a cost not to exceed $800.00 annually.
Each party shall name the children as irrevocable beneficiaries for so long as each of them are minors. Neither party shall encumber said policies in any manner.
The plaintiff shall claim the children as her dependents for tax purposes.
The defendant shall transfer the marital home to the plaintiff, who shall pay the first mortgage, taxes and insurance on same and shall hold harmless the defendant from any liability thereon. CT Page 9530
The plaintiff shall pay to the defendant $30,000.00 for his interest in said home, payable as follows: $5,000.00 within ten days from the entry of the final decree and the receipt of the quit claim deed and the remaining $25,000.00 by way of a promissory note made payable to the defendant upon the sale or refinance of the property, but no later than June 30, 2005. However, any sums that the plaintiff is required to pay to satisfy any liens or judgments levied against the defendant and placed against the marital property shall be deducted from the $25,000.00 balance.
Any sums the defendant may owe the plaintiff for unpaid child support or other court ordered expenses shall be offset against any sums owed by the plaintiff to the defendant.
The defendant shall retain his interest in two lots located in Middlefield.
The plaintiff shall retain her retirement funds in TIAA and Prudential Securities free and clear of all claims of the defendant.
The plaintiff shall be responsible for the joint $30,000.00 debt owed to her parents estate and shall hold harmless the defendant from any liability thereon. Also she shall pay one-half of the following debts: Suburban Oil, Fleet Bank (Caldors), MMH, Durham Dental, Dr. Faber, Heibel and Roeder, Crossroads, (Dr. Johnson), SNET, joint 1999 IRS and State Taxes, all as listed on her financial affidavit.
The defendant shall pay the balance owed to Chase Advantage, Chase Mastercard, Citibank Visa, Capitol One, First USA, Carmine Carbone, CPA, and World Bank and one-half of all those debts listed above where the plaintiff is also liable for one-half, and all other debts, including his business debts as listed on his financial affidavit.
As required by court order dated April 17, 2000, the defendant shall immediately pay to the defendant the sum of $3,245.00, which includes, a mortgage payment $1,750.00, cable $60.00, phone $535.00, food $900.00. The defendant may deduct from and be credited with any payments made thereon.
The plaintiff shall be the sole owner of all the household furnishings, but shall allow the defendant to remove all his business records from the premise. The defendant shall also have all his personal tools used in his business.
Each party shall be responsible for their own counsel fees. CT Page 9531
A decree may enter dissolving the marriage and incorporating the aforesaid distributions and awards of the court.
SPALLONE JUDGE TRIAL REFEREE